# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEPHEN PRESCOTT DURHAM,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-14-0521-I-1 |
| 　　　　v. | |
| TENNESSEE VALLEY AUTHORITY,<br>　　　　　　Agency. | DATE: March 25, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen Prescott Durham, Jasper, Tennessee, pro se.

Ryan T. Dreke, Esquire, Knoxville, Tennessee, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　The appellant was an Assistant Unit Operator at the agency's Widow Creek Fossil Plant. *See* Initial Appeal File (IAF), Tab 5, Subtab 4b at 1. In or around March 2005, the agency removed him for noncompliance with the agency's random alcohol and drug testing program. *Id*. In March 2005, he initiated both a grievance and a complaint with the Equal Employment Opportunity Commission (EEOC), concerning his removal and events leading up to it. *See* IAF, Tab 5, Subtabs 4c-4d. The grievance and equal employment opportunity claim were both denied. IAF, Tab 5, Subtab 4c at 4, Subtab 4d at 9.

¶3　　In October 2009, years after the appellant's removal from the agency, the Department of Veterans Affairs (DVA) issued a decision, finding that the appellant had a service-connected disability. IAF, Tab 5, Subtab 4f. The 2009 DVA decision concluded that a pre-existing neck disability had been exacerbated during a period of military training in 1998. *Id*. at 17. The DVA reached this 2009 decision, despite a July 2005 final rating decision denying the same, because the appellant had presented new and material evidence. *See id*. at 3-4, 10-11. The DVA has since certified that the appellant is a preference eligible. IAF, Tab 5, Subtab 4n.

¶4      In March 2014, 9 years after the agency removed him from his Assistant Unit Operator position, the appellant filed a Board appeal.  IAF, Tab 1.  Among other things, he alleged that the agency failed to notify him of Board appeal rights at the time of his removal, despite its purported knowledge of his service-connected disability.[2]  *Id*. at 5.  The agency responded, asserting that the Board lacked jurisdiction because the appellant was not a preference eligible with appeal rights at the time of his removal.  IAF, Tab 5, Subtab 1 at 2-7.  Alternatively, the agency argued that the appeal was barred by res judicata, collateral estoppel, or laches.  *Id*. at 7-9.

¶5      The administrative judge dismissed the appeal for lack of Board jurisdiction.[3]  IAF, Tab 17, Initial Decision (ID).  The appellant has filed a petition for review.[4]  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 3-4.

---

[2]  The appellant's appeal included a reference to the Veterans Employment Opportunities Act of 1998 (VEOA).  IAF, Tab 1 at 10-12.  He requested VEOA damages, alleging that the agency denied him justice under VEOA.  *Id*.  However, it does not appear that the appellant intended to bring, or has anything resembling, a colorable VEOA claim.  Therefore, his mere reference to VEOA, in this context, did not trigger the requirement to provide *Burgess* notice.  *See generally Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008) (to establish Board jurisdiction over a VEOA appeal alleging violation of veterans' preference rights under 5 U.S.C. § 3330a, an appellant must:  (1) show that he exhausted his remedy with the Department of Labor; and (2) make nonfrivolous allegations that (a) he is a preference eligible within the meaning of VEOA, (b) the action at issue took place on or after the October 30, 1998 enactment date of VEOA, and (c) the agency violated his rights under a statute or regulation related to veterans' preference).

[3]  Because the administrative judge dismissed the appeal for lack of jurisdiction, he did not address the timeliness of the appeal.  ID at 8-9; *see Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005) (the existence of Board jurisdiction is the threshold issue in adjudicating an appeal and ordinarily should be determined before reaching the issue of timeliness), *aff'd*, 191 F. App'x 954 (Fed. Cir. 2006).

[4]  Much of the appellant's argument concerns the merits of his appeal.  *See* PFR File, Tab 4 at 4-7.  However, the Board must first resolve the threshold issue of jurisdiction

¶6      The appellant bears the burden of proving, by preponderant evidence, that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i). A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

The appellant's status as a preference eligible due to a service-connected disability is not retroactive.

¶7      In general, employees of the Tennessee Valley Authority (TVA) do not have the right to appeal their removals to the Board. *See* 5 U.S.C. §§ 7511(b)(8), 7512, 7513. However, an exception exists for any individual who is a preference eligible in the excepted service and has completed 1 year of current continuous service in the same or similar position. 5 U.S.C. § 7511(a)(1)(B)(i), (b)(8).

¶8      Here, the parties have not disputed that the appellant was in the excepted service. *See Whitehurst v. Tennessee Valley Authority*, 43 M.S.P.R. 486, 492 (1990) (employees of the TVA are in the excepted service, not the competitive service). In addition, the agency does not appear to dispute that the appellant had completed 1 year of current continuous service in the same or similar position at the time of his removal. *See generally* IAF, Tab 1 at 5 (initial appeal, asserting 14 years of TVA experience), Tab 5, Subtab 4d at 5-7 (EEOC decision describing the appellant as having been employed at TVA from 1991 to 2005). The remaining jurisdictional element at issue is whether the appellant was a preference eligible.

¶9      Title 5 U.S.C. § 2108(3) sets forth the various criteria which establish one as a "preference eligible." The appellant alleged that he was preference-eligible, covered under 5 U.S.C. § 2108(3)(C), because of a service-connected disability. *See* IAF, Tab 1 at 5, 10-11; *see also* PFR File, Tab 4 at 4. The agency does not

before proceeding to the merits of an appeal. *Schmittling v. Department of Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000). Because the appellant has yet to establish jurisdiction, we have not considered his arguments as to the merits of his removal.

dispute that the appellant has now established a service-connected disability, such that he is currently a preference eligible. *See* IAF, Tab 5, Subtab 1 at 4-7. Instead, the agency argues that the 2009 DVA decision cannot be applied retroactively to his 2005 termination, even though that DVA decision concluded that the appellant suffered a service-connected disability in 1998. *Id*.; PFR File, Tab 3 at 5-9. We agree.

¶10        Board precedent most pertinent to the appellant's case is *Mitchell v. Department of Commerce*, 100 M.S.P.R. 415 (2005).[5] In *Mitchell*, the agency imposed an adverse action on the appellant when he had not yet been deemed a preference eligible by the DVA. *Id*., ¶¶ 4, 7. After the administrative judge dismissed his appeal for lack of jurisdiction and that decision became final, the DVA issued a decision finding that the appellant had a service-related disability, retroactive to a time before both the agency's adverse action and the Board's dismissal for lack of jurisdiction. *Id*., ¶¶ 2, 4, 6. More than a year later, the appellant in *Mitchell* submitted this DVA determination to the Board for consideration. *Id*., ¶ 6. The Board declined to reopen his appeal based upon two rationales. First, the Board concluded that the appellant failed to show that extraordinary circumstances caused his lengthy delay in bringing the DVA determination to its attention. *Id*., ¶ 10. Second, and most relevant to the case currently before us, the Board noted that an employee must be a preference eligible at the time of the agency's action in order to have appeal rights to the Board, and the appellant failed to meet that standard because he had neither "established the present existence of a service-connected disability," nor had he

---

[5] Below, in addition to *Mitchell*, the administrative judge considered *Pierce v. U.S. Postal Service*, 96 M.S.P.R. 38, ¶ 13 (2004). ID at 6-8. We find both decisions less persuasive than *Mitchell*. *Pierce* is distinguishable because the DVA certification at issue was retroactive but not so far back as to include the time in which the agency removed the appellant from service. *See Pierce*, 96 M.S.P.R. 38, ¶¶ 4-5. *Redding* is distinguishable because the appellant did not establish that he was preference-eligible at any time. *Redding*, 3 M.S.P.R. at 415-16. Instead, he simply asserted that he was applying for a service-connected disability. *Id*.

been "receiving compensation, disability retirement benefits, or a pension because of a public statute administered by the [DVA] or a military department" at the time of his removal. *Id*., ¶ 12 (quoting 5 U.S.C. § 2108(2) (defining the term "disabled veteran")).

¶11        In a nonprecedential decision, the U.S. Court of Appeals for the Federal Circuit cited *Mitchell* to similarly conclude that a DVA determination is not retroactive for purposes of the Board's jurisdiction. *Smith v. U.S. Postal Service*, No. 2006-3244, 2006 WL 3206122, at *2 (Fed. Cir. Nov. 7, 2006). The court found that an employee must be determined to qualify as a preference-eligible employee, such as by being a disabled veteran, at the time of the agency's adverse action for purposes of Board appeal rights. *Id*. The court explained, "a subsequent decision by the DVA determining that the employee is a disabled veteran does not confer jurisdiction on the Board, even if that subsequent decision is made retroactive or establishes that the employee was in fact disabled at the time of the agency action under review." *Id*. Finally, the court reasoned that the relevant statute defines "disabled veteran" as someone who, among other things, "has established the present existence of a service-connected disability," and the appellant had not yet established his disability when the agency removed him. *Id*. (citing 5 U.S.C. § 2108(2)); *see generally Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 14 (2010) (the Board may follow nonprecedential Federal Circuit decisions that it finds persuasive).

¶12        The appellant has argued that an older Board case supports a conclusion contrary to that of *Mitchell* and *Smith*. *See* IAF, Tab 1 at 11-12 (citing *Battle v. U.S. Postal Service*, 61 M.S.P.R. 509 (1994)). In *Battle*, the agency removed the appellant without providing the appeal rights to which a preference eligible is entitled. 61 M.S.P.R. at 510. Years later, the appellant submitted a Board appeal. *Id*. With the appeal, he submitted a DVA letter, dated years after his removal, certifying that he had a service-connected disability. *Id*. Citing that

letter, the Board concluded that the appellant had established Board jurisdiction because he was a preference eligible. *Id*. at 511.

¶13    At first glance, *Battle* appears contrary to *Mitchell* and *Smith*, but we find the *Battle* decision lacking in pertinent details. In *Battle*, the appellant was removed in 1989, and the DVA letter proving he was a preference eligible was dated 1994. *Id.* at 510. However, nothing in the decision specifies whether that 1994 DVA letter was a new determination, to be applied retroactively, as opposed to certification of a prior determination. Accordingly, we find *Battle* not persuasive.

¶14    To conclude, an employee of the TVA can appeal his removal to the Board if, among other things, he is a preference eligible. 5 U.S.C. § 7511(a)(1)(B)(i), (b)(8). Pursuant to 5 U.S.C. § 2108(2), (3)(C), an individual may establish that he is a preference-eligible disabled veteran if, among other things, he had a service-connected disability at the time of the alleged adverse action. Because the appellant had not yet established a service-connected disability at the time of his removal, he was not yet a preference-eligible disabled veteran with Board appeal rights. Accordingly, we agree with the administrative judge's conclusion that 5 U.S.C. § 7511 does not confer Board jurisdiction over his removal from the TVA.

The appellant has not otherwise established that he was a preference eligible at the time of his removal.

¶15    On review, the appellant seems to suggest that he also qualified as a preference eligible when the agency removed him because he had a hardship discharge, exempting him from the length in service and active duty requirements for preference eligibility. PFR File, Tab 4 at 4-5. We disagree.

¶16    As an initial matter, we note that the appellant failed to clearly present the argument regarding his hardship discharge below. *See* IAF, Tab 1 at 12 (asserting that his most recent hardship discharge from the military satisfied any time in service requirement). In general, the Board will not consider an argument raised

for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). In any case, while the record does indicate that the appellant's discharge from the Air Force in 1989 was due to hardship, it does not give any indication that the appellant was a preference eligible based upon that service. *See* IAF, Tab 5, Subtab 4g. Nothing in the record suggests that the appellant served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been authorized, or any other time which would entitle him to a veterans' preference. *See* 5 U.S.C. § 2108(1), (3).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.